# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:23-cv-08009 FMO (PVCx) |
| Plaintiff, | **JUDGMENT AS TO PEDRAM ABRAHAM MEHRIAN** |
| v. | |
| PEDRAM ABRAHAM MEHRIAN, STRATEGIC LEGACY INVESTMENT GROUP, INC., and SLIG HIGH INTEREST LIQUID SAVINGS COMPANY, | |
| Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Pedram Abraham Mehrian ("Mehrian" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

1

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

       (a)      to employ any device, scheme, or artifice to defraud;

       (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements    made, in light of the circumstances under which they were made, not misleading;  or

       (c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

       (a)      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate

commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security other than for his own personal account.

1    IT IS FURTHER ORDERED, ADJUDGED, And DECREED that, as

2    provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

3    binds the following who receive actual notice of this Judgment by personal service

4    or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys;

5    and (b) other persons in active concert or participation with Defendant or with

6    anyone described in (a).

7                                          V.

8    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that,

9    pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and

10   Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited

11   from acting as an officer or director of any issuer that has a class of securities

12   registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is

13   required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C.

14   § 78o(d)].

15                                         VI.

16   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

17   that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest

18   thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15

19   U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)],

20   and Section 209(e) of the Advisers Act, [15 U.S.C. § 80b-9(e)].  The Court shall

21   determine the amounts of the disgorgement and civil penalty upon motion of the

22   Commission.  Prejudgment interest shall be calculated from October 2022, based

23   on the rate of interest used by the Internal Revenue Service for the underpayment

24   of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the

25   Commission's motion for disgorgement and/or civil penalties, and at any hearing

26   held on such a motion: (a) Defendant will be precluded from arguing that he did

27   not violate the federal securities laws as alleged in the Complaint; (b) Defendant

28   may not challenge the validity of the Consent or this Judgment; (c) for the

purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.


Dated:  January 29, 2024


_____/s/_____
HON. FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE