UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PEDRAM ABRAHAM MEHRIAN, STRATEGIC LEGACY INVESTMENT GROUP, INC., and SLIG HIGH INTEREST LIQUID SAVINGS COMPANY,<br><br>Defendants. | Case No. 2:23-cv-08009 FMO (PVCx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT SLIG HIGH INTEREST LIQUID SAVINGS COMPANY** |

This matter came before the Court on the Securities and Exchange Commission's ("SEC") Motion for Default Judgment against Defendant SLIG High Interest Liquid Savings Company ("Defendant"). The Court having considered the SEC's Amended Complaint, the Motion, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that the SEC's motion is GRANTED.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

|     |     |
| --- | --- |
| 1   | II. |
| 2   | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED |
| 3   | that Defendant is permanently restrained and enjoined from violating Section 17(a) |
| 4   | of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the |
| 5   | offer or sale of any security by the use of any means or instruments of |
| 6   | transportation or communication in interstate commerce or by use of the mails, |
| 7   | directly or indirectly: |
| 8   |     (a)    to employ any device, scheme, or artifice to defraud; |
| 9   |     (b)    to obtain money or property by means of any untrue statement of a |
| 10  | material fact or any omission of a material fact necessary in order to make the |
| 11  | statements   made, in light of the circumstances under which they were made, not |
| 12  | misleading;  or |
| 13  |     (c)    to engage in any transaction, practice, or course of business which |
| 14  | operates or would operate as a fraud or deceit upon the purchaser. |
| 15  | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as |
| 16  | provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also |
| 17  | binds the following who receive actual notice of this Judgment by personal service |
| 18  | or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; |
| 19  | and (b) other persons in active concert or participation with Defendant or with |
| 20  | anyone described in (a). |
| 21  | III. |
| 22  | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 23  | Defendant is permanently restrained and enjoined from violating Section 5(a) and |
| 24  | (c) of the Securities Act [15 U.S.C. § 77e(a), (c)] by, directly or indirectly, in the |
| 25  | absence of any applicable exemption: |
| 26  |     (a)    Unless a registration statement is in effect as to a security, making use |
| 27  | of any means or instruments of transportation or communication in interstate |
| 28  |     |

commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $647,767.49 representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $64,466.90, and a civil penalty in the amount of $1,152,314 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $1,864,548.39, to the Securities

and Exchange Commission within 14 days after the entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by letter identifying the case title, civil action number, and name of this Court; identifying SLIG High Interest Liquid Savings Company as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil

contempt for the violation of any Court orders issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or

on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Agreement.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 18, 2024

      /s/     Fernando M. Olguin   .
UNITED STATES DISTRICT JUDGE